UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-00121 (EGS) |
| v. : | |
| : | |
| JAMES BONET, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY SENTENCING MEMORANDUM**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply sentencing memorandum.

Contrary to statements in James Bonet's January 24, 2022, sentencing submission, there is reason to doubt Bonet's expressions of remorse and acceptance of responsibility. Bonet's submission states that he has "affirmatively demonstrated he would never again engage in this type of conduct" and has "dedicated his future to learning from his mistake." ECF No. 47 at 2. Yet, in a television interview from January 6, 2022 with a local ABC affiliate, Bonet made statements suggesting he still does not recognize his own culpability. *Glen Falls man arrested in Capitol riot reflects one year later,* available at https://www.news10.com/top-stories/glens-falls-man-arrested-in-capitol-riot-reflects-on-year-later/ (Exhibit D).[1]

In the interview, with a full year to reflect on his conduct, Bonet described his participation in the Capitol riot (where, as described in the government's sentencing memorandum, he called law enforcement officers "pieces of shit," smoked a joint in a Senator's office that was trashed by rioters, and saw a woman being carried away on a stretcher) as his "peaceful protest." Bonet's

---

[1] The government did not learn of Bonet's television appearance until after it had filed its sentencing memorandum. The government has provided a video of Exhibit D to the Court and defense counsel via USAfx.

1

interviewer pressed him, saying, "but you're not allowed just to enter a federal building – like that." Bonet shrugged, then responded, "It was peaceful. And I didn't break in – the cops let me in." Bonet also claimed he "followed" people inside because "what was going to be portrayed was a lie, not the truth, and I – I wanted to know the truth."

Bonet's statements raise several issues relevant to the Court's consideration of the Section 3553(a) factors. Bonet's claim that he has learned from his "mistake" is central to his request for a probationary sentence. His television statements, however, emphasize the need for a sentence of incarceration. He minimized. He offered excuses. His statements undermine his acceptance of responsibility, suggesting that he sees his role in the riot as a legitimate exercise of First Amendment rights. It is hard to believe that Bonet has really changed and learned if he still reflexively justifies his criminal conduct. Furthermore, Bonet's minimization of his own criminal conduct and the conduct of others who committed criminal acts on January 6, 2021 in a media interview, after he has pleaded guilty and acknowledged the wrongfulness of his conduct, erodes public trust in the rule of law and our criminal justice system.

Moreover, Bonet's justifications are not credible. The evidence that the Capitol riot was not peaceful is overwhelming and indisputable. Again, Bonet himself saw conflict between rioters and police, and he saw a woman being carried out on a stretcher. Furthermore, the government is not aware of any evidence that the police allowed Bonet to enter the Capitol Building, and, even by the time he entered, he had already trespassed through the restricted area outside. Bonet signed a Statement of Offense that states, "The defendant knew at the time he entered the U.S. Capitol Building that he did not have lawful authority to enter the building." ECF No. 38 ¶ 12.

It is also not credible that Bonet trespassed inside the Capitol to learn the "truth." Bonet spent his time inside the Capitol smoking a joint and taking a selfie video. That is hardly

2

emblematic of a truth-searching effort. Moreover, Bonet's social media posts show that, by the time he entered the Capitol, he had already made up his mind about what the truth was: he thought he and other rioters were "taking the country back." By choosing to appear on television and make such excuses, Bonet has further spread misinformation about the riot, perpetuating the very types of public falsehoods on which Bonet blames his own participation.

Finally, Bonet's television statements suggest a need for specific deterrence. If Bonet does not understand the line between peacefully protesting and storming the Capitol, there is a greater risk that he will offend again, similarly misinformed that he is merely expressing his First Amendment rights. If he truly believes his television statements and has misrepresented that he has changed to the Court, the need for specific deterrence (not to mention the need to promote respect for the law) is greater still.

For the foregoing reasons, and for the reasons stated in the government's sentencing memorandum, the government respectfully requests that the Court sentence James Bonet to 45 days' incarceration, one year of supervised release, and $500 in restitution.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:     /s/ Alexis J. Loeb
ALEXIS J. LOEB
CA Bar No. 269895
Assistant United States Attorney
Detailee
U.S. Attorney's Office
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
Office: 415-436-7200
Alexis.Loeb@usdoj.gov
